IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| vs. : | |
| : | |
| WARREN JACKSON : | NO.  03-793 |

ORDER & MEMORANDUM

O R D E R

**AND NOW**, this 13th day of January 2009, upon consideration of Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 134, filed August 26, 2008); the Government's Response to Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 136, filed October 10, 2008); and the Reply to Government's Response to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 137, October 28, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED.**

M E M O R A N D U M

I.   INTRODUCTION

On May 26, 2005, the Honorable Marvin J. Katz sentenced defendant Warren Jackson to 120 months imprisonment followed by 6 years supervised release for offenses involving the attempted distribution of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Presently before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  The Motion is based on a retroactive amendment to the United States Sentencing

Guidelines ("U.S.S.G." or "Guidelines"), Amendment 706, which retroactively reduced the sentencing ranges applicable to crack cocaine offenses. See U.S.S.G. Supplement to App. C, Amend. 706; U.S.S.G. § 1B1.10(c). Defendant contends that, under 18 U.S.C. § 3582(c)(2), his sentence should be reduced because it was based on a sentencing range that has "subsequently been lowered." See 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the Court denies the Motion.

## II. BACKGROUND

Defendant was sentenced on May 26, 2005. At sentencing, the Court approved the Guidelines calculations included in the Presentence Investigation Report, which were as follows. The Guidelines section applicable to defendant's crack cocaine offenses was U.S.S.G. § 2D1.1, and the base offense level for the crimes committed by defendant was 18. After increase of the base offense level by two levels for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1), defendant's total offense level was determined to be 20. Based on defendant's criminal history, however, defendant was found to be a career offender under U.S.S.G. § 4B1.1, which raised his total offense level to 34. After decrease by three levels for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, defendant's total offense level was 31. Under § 4B1.1(b), as a career offender, defendant was assigned a criminal history category of VI. This resulted in a Guidelines range of 188 to 235 months.

Judge Katz found the Guidelines range applicable to defendant to be 188 to 235 months—the career offender range. (Sentencing Tr. 39, May 26, 2005.) Determining that defendant was "entitled to some reduction from even the minimum guideline provision," Judge Katz varied downward from the Guideline range and sentenced defendant to 120 months

imprisonment followed by 6 years supervised release.  (Id.)

### III.  DISCUSSION

#### A.  Legal Standard

Pursuant to the principle of finality of judgments, "[g]enerally, a district court may not alter a term of imprisonment once it has been imposed."  United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008).  A district court may, however, modify a defendant's term of imprisonment where a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission" and is stated to apply retroactively.  18 U.S.C. § 3582(c)(2).  The Application Notes to U.S.S.G. § 1B1.10 state that a reduction in the defendant's sentence is not authorized under § 3582(c)(2) and "is not consistent with this policy statement if . . . (ii) an amendment [to the Guidelines range] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . ."  U.S.S.G. § 1B1.10 Application Note 1(A).

Section 3582(c)(2) of the United States Code provides a narrow exception to the general prohibition against modifying criminal sentences, and as such, limits a district court's jurisdiction to reduce sentences only as provided for in the statute.  See United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007).  Accordingly, to be eligible for a sentence reduction under § 3582(c)(2), a defendant must have received a sentence that was "based on" a sentencing range that is later reduced by the Sentencing Commission, and such a reduction must be consistent with the Commission's policy statement.

### B. Defendant's Career Offender Status

Amendment 706 reduced the sentencing ranges applicable to crack cocaine offenses, as found in U.S.S.G. § 2D1.1. Defendant, however, was not sentenced under § 2D1.1 but rather under the career offender Guidelines of § 4B1.1. As Judge Katz stated at sentencing, he found the applicable Guidelines sentencing range to be 188 to 235 months, the career offender range. (Sentencing Tr. 39.)

Defendant argues that even though he was sentenced as a career offender under § 4B1.1, the crack cocaine guideline of § 2D1.1 remained relevant and was one of the "bases" of his sentence. (Def.'s Mot. 5–6, 9–10.) According to defendant, the Guidelines range for the underlying crack cocaine offense is "necessarily a relevant consideration in determining how much of a departure below" the career offender Guidelines range is warranted. (Id. at 10.) Thus, defendant contends, his sentence was "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission"—§ 2D1.1—and he is eligible for a sentence reduction. 18 U.S.C. § 3582(c)(2) (emphasis added).

Defendant's argument is unavailing. "Recent decisions in our circuit have been uniform in holding that where a court sentencing a career offender departs downward from the Guidelines range, the defendant's sentence remains 'based on' his status as a career offender for purposes of § 3582(c)(2)." United States v. Jonathan Jackson, No. 03-281-1, 2008 WL 5412825, at *1 (E.D. Pa. Dec. 29, 2008) (Bartle, C.J.) (citing United States v. Squire, No. 97-461, 2008 WL 4694915, at *3 (E.D. Pa. Oct. 23, 2008); United States v. Boyd, No. 01-29, 2008 WL 2537139, at *2 (W.D. Pa. June 24, 2008); United States v. Thompson, 290 F. Appx. 519, 520 (3d Cir. 2008) (non-precedential)); see also United States v. McDowell, No. 06-376, 2008 WL 5264878, at *2 n.1

(E.D. Pa. Dec. 17, 2008); United States v. Wright, No. 04-100, 2008 WL 4722508, at *4 (M.D. Pa. Oct. 23, 2008). As noted in United States v. Jonathan Jackson, "[t]he only exception to this rule has been where the trial court departed downward upon a finding that the enhanced criminal history category associated with the career offender designation substantially over-represents the defendant's criminal history." 2008 WL 5412825, at *1, n.1 (citing United States v. Poindexter, 550 F. Supp. 2d 578, 581–83 (E.D. Pa. 2008)). Judge Katz did not make such a finding with respect to the defendant in this case.

The aforementioned authority makes clear that when a sentencing judge varies downward from the career offender Guidelines range, the defendant is nonetheless sentenced "based on" the career offender provision and not the crack cocaine provision. Where a defendant is not "sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission," he does not qualify for a sentence reduction under § 3582(c)(2). 18 U.S.C. § 3582(c)(2) (emphasis added)  The Court concludes that because defendant was sentenced as a career offender, defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and, thus, he is not entitled to a reduction in sentence. Accordingly, the Court denies Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

This construction of § 3582(c)(2) comports with the holdings of those courts of appeals to have ruled on the question. See United States v. Caraballo, --- F.3d ---, 2008 WL 5274853, at *4 (1st Cir. Dec. 22, 2008); United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Moore, 541 F.3d 1323, 1328 (11th Cir. 2008). It is also consistent with the policy statements of the

Sentencing Commission.  See, e.g. U.S.S.G. § 1B1.10(a)(2)(B) (made effective Mar. 3, 2008, by Amendment 712) (clarifying that a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").  Defendant argues that, post-Booker, such policy statements are, like the rest of the Guidelines, merely advisory.  (Def.'s Mot. 7–8; Def.'s Reply 7–10.)  Without ruling on this question, the Court notes that its conclusion that defendant is ineligible for a sentence reduction is based on the clear meaning of the phrase "based on" in § 3582(c)(2) and not on the Sentencing Commission's policy statements.  Assuming *arguendo* the advisory nature of the policy statements, the Court's conclusion would remain unchanged.

Defendant also argues that if the Court finds any ambiguity in the text of § 3582(c)(2), the Rule of Lenity requires the Court to construe the statute to permit a sentence reduction.  (Def.'s Mot. 11–14; Def.'s Reply 14–15.)  Under the Rule of Lenity, courts resolve statutory ambiguities in favor of the defendant.  See United States v. Introcaso, 506 F.3d 260, 263 (3d Cir. 2007).  Lenity is reserved, however, for "those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statute." United States v. R.L.C., 503 U.S. 291, 305 (1992) (internal citations and quotations omitted) (emphasis in original).  The Court does not find § 3582(c)(2) to be ambiguous so as to require application the Rule of Lenity in this case.  See Muscarello v. United States, 524 U.S. 125, 139 (1998) (rule applies only where there is a "grievous ambiguity or uncertainty in the statute" (internal quotations and citations omitted)).  The plain language of the statute and common meaning of its terms provide sufficient guidance to the Court.

Finally, the Court notes that the parties' filings brief the issue of the scope of § 3582(c)(2)

proceedings and whether <u>United States v. Booker</u>, 543 U.S. 220 (2005), applies in § 3582(c)(2) sentence reduction proceedings.  (<u>See</u> Def.'s Mot. 13–14; Gov't's Resp. 14–25; Def.'s Reply 10–14.)  As the Court has concluded that defendant is ineligible for a sentence reduction under § 3582(c)(2), the Court declines to rule on this question.

### IV.   CONCLUSION

As defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).  For this reason, the Court denies Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**